IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN WOODS, | ) | CASE NO. 1:05CV1054 |
| | ) | |
| | ) | JUDGE ECONOMUS |
| Petitioner, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| MARGARET BRADSHAW, Warden | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2(b)(2).

Before the court is John Woods' ("Woods") petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254 on April 26, 2005  (Docket #1).  Woods is in custody of the

Ohio Department of Rehabilitation and Correction purusant to a journal entry of sentence

in the case of *State of Ohio v. Woods*, Case No. CR-254478 (Cuyahoga County 1991).  For

the reasons set forth below, the magistrate judge recommends that the petition be denied.

I

The state appellate court, in *State of Ohio v. Woods*, 2003 Ohio App. LEXIS

2260 (May 15, 2003), found the following facts in denying Woods' motion to withdraw his

guilty plea:

This is an appeal from an order of Judge Janet Burnside that denied John
Woods' Crim. R. 32.1 motion to withdraw his 1991 guilty plea to one count of

aggravated murder with a capital, felony-murder specification.  We affirm.

During the evening of June 20, 1990, Woods and Redintoe "Curt" Thompson, Gary Hill, and Eugene Woodard decided to do some "gaffling," which involves pulling people out of their cars to rob them and/or steal the cars.  Woods and his companions, in a car he had stolen earlier in the day, drove from East 71st Street in Cleveland eastbound on Harvard Avenue.  Woods noticed an Oldsmobile with customized wheels and pulled along side.  Woodard, brandishing a .45 caliber handgun, ordered the driver out of the car.  The would-be victim drove away, and Woodard, shooting at the Oldsmobile, hit it once in the trunk.

The four men abandoned their car, stole another from a Harvard Avenue parking lot and, with Woods driving, continued their search for suitable victims.  They spotted Mani Akram driving an Oldsmobile Ninety Eight with custom wheels.  Woods pulled in front of Akram's car and applied his brakes, causing the two vehicles to collide.  After Thompson and Woodard got out of their car, Woodard opened Akram's driver's side door and shot him in the chest; then Thompson pulled Akram out of the car.  Leaving Akram to die, they drove off in the Oldsmobile.  The men, in both cars, met up later.  The four doused the cars with gasoline and set them on fire to destroy any evidence linking them to the shootings.

Woods was indicted on two counts of aggravated murder, each with capital felony-murder specifications and gun specifications; one count of aggravated robbery, with a gun specification; one count of receiving stolen property; and, two counts of arson.  The State agreed to allow Woods to plead guilty to one count of aggravated murder with the capital specification, and to nolle all other counts in the indictment and all gun specifications.  The State also stipulated that the statutory aggravating factors surrounding the aggravated murder count did not outweigh the mitigating factors, n1 and agreed to allow Woods to receive a sentence of life imprisonment with a possibility of parole after twenty years of actual incarceration, the minimum sentence which could be imposed for that crime.

n1 A judge can impose a jury's recommendation of death as a sentence for aggravated murder, or three judges, sitting without a jury, may determine that such sentence is appropriate, only if the judge or the three-judge panel finds that the aggravating factors outweigh the mitigating factors beyond a reasonable doubt.  See R.C. 2929.03(D)(3).  R.C. 2929.04 lists the aggravating and mitigating factors that may be considered.

In a lengthy, detailed plea hearing, the judge confirmed the details of this plea agreement and questioned Woods to ensure that he was aware of the constitutional rights he was waiving by entering the plea, in full compliance with Crim. R. 11(C)(2). n2  The parties and the judge agreed that it was not necessary to convene a three-judge panel to take the plea or determine the appropriate sentence, as provided by

2

R.C. 2945.06 and Crim. R. 11(C)(3), and the judge accepted the plea and later imposed the agreed-upon sentence.

n2 At the same hearing, Woods pleaded guilty to the theft of another automobile committed after the Akram killing, but no error has been assigned to that part of the proceedings.

Although Woods took no direct appeal from his 1991 conviction, he filed a motion in this court for leave to file a delayed appeal in 1997, which we denied.  In August of 1998, Woods moved to withdraw his guilty plea under Crim. R. 32.1.  In November, 2002, the judge denied the motion without a hearing, finding that he had not established that the way his plea was taken resulted in a manifest injustice.

*Woods,* 2003 Ohio App. Lexis 2260 at ** 1-4.

On July 9, 1997, Woods, acting *pro se*, filed a notice of appeal and a motion for leave to file a delayed direct appeal from his 1991 conviction.  Woods raised one claim for relief:

Defendant's Claim for Relief No. 1
Lack of statutorily conferred jurisdiction authorizing a single-judge court to impose judgment of sentence in a capital case.  In addition, the trial court's failure to strictly adhere to the mandates of Crim. R. 11(C)(3) also gives rise to a claim that Appellant was denied fundamental due process and the equal protection of the law.

The appellate court denied Woods leave to file a delayed appeal on August 7, 1997.

Woods, acting *pro se*, filed a timely notice of appeal in the Ohio Supreme Court on September 22, 1997.  In his memorandum in support of jurisdiction, Woods raised two propositions of law:

Proposition of Law No. 1
Where a defendant pleads guilty to a charge of aggravated murder, and then enters a separate plea of guilty to one or more of the aggravating specifications under R.C. § 2929.07 also charged in the indictment, a single-judge court lacks jurisdiction to impose sentence upon the defendant.

Proposition of Law No. 2
Where defense counsel fails to adequately protect a defendant's statutorily created

3

liberty interest, and advises the defendant to enter a guilty plea that violates the defendant's rights to fundamental due process and the equal protection of the law, the defendant has been denied the effective assistance of counsel.

On December 11, 1997, the Ohio Supreme Court denied Woods' petition for leave to file an appeal as not involving any substantial constitutional question.

On August 28, 1998, Woods filed a motion to withdraw his guilty plea in the Court of Common Pleas.  Woods raised two claims for relief:

> Defendant's Claim for Relief No. 1
> Defendant Wood's [sic] guilty plea was not knowingly and voluntarily entered, in that the trial court failed to inform Defendant of his right to have the requirements of Crim. R. 11(C)(3) governing capital cases fully complied with, and Defendant did not waive his right to have such requirements complied with.

> Defendant's Claim for Relief No. 2
> Defendant Woods was denied the effective assistance of counsel when entering his guilty plea to aggravated murder with death penalty specification.

On July 23, 2002, four years after the motion to withdraw the guilty plea was filed without entry of judgment, Woods filed a motion to proceed with judgment.  The Cuyahoga County Court of Common Pleas denied the motion to proceed with judgment on July 30, 2002. In an apparent attempt to compel the trial court to rule on his 1998 motion to withdraw his guilty plea, on August 27, 2002 Woods filed an appeal from the denial to proceed with the judgment.  On September 26, 2002, the state appellate court dismissed the appeal as not involving a final, appealable order.

More than four years after Woods filed the motion to withdraw his guilty plea, on November 8, 2002, the trial court denied the motion to withdraw his guilty plea because of a lack of evidence of manifest injustice to justify vacating the guilty plea.

On November 27, 2002, Woods, acting *pro se*, filed a timely notice of appeal from the trial court's denial of his motion to withdraw his guilty plea.  Woods raised three

assignments of error on appeal:

> Assignment of Error No. 1
> The trial court abused its discretion and prejudicially erred in denying Appellant's motion to withdraw his guilty plea in that the judgment of conviction and sentence based on Appellant's guilty plea is void as a matter of law.
>
> Assignment of Error No. 2
> The Appellant's guilty plea was involuntarily, unknowingly, and unintelligently entered in that Appellant was denied the effective assistance of counsel when entering his plea.
>
> Assignment of Error No. 3
> The trial court abused its discretion and prejudically [sic] erred in denying Appellant's motion to withdraw his guilty plea without conducting an evidentiary hearing.

On May 27, 2003, the state appellate court affirmed the trial court's denial of the motion to withdraw his guilty plea because the case did not come within the extraordinary category of cases for which vacating a guilty plea was necessary to avoid manifest injustice.

On June 30, 2003 Woods, acting *pro se*, filed a timely notice of appeal of the state appellate court's decision in the Ohio Supreme Court.  Woods raised four propositions of law in his memorandum in support of jurisdiction:

> Proposition of Law I
> The Appellate Court erred to the prejudice of Appellant when it used res-judicata as a procedural bar in violation of Article One, SectionsTen and Sixteen to the Ohio Constitution and the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.
>
> Proposition of Law II
> The trial court abused its discretion and prejudicially erred in denying Appellant's motion to withdraw his guilty plea in that the judgment of conviction and sentence based upon Appellant's guilty plea is void as a matter of law.
>
> Proposition of Law III
> The Appellant's guilty plea was involuntarily, unknowingly, and unintelligently entered in that [the] Appellant was denied the effective assistance of counsel when entering his plea.
>
> Proposition of Law IV

The  trial court abused its discretion and prejudicially erred in denying Appellant's motion to withdraw his guilty plea without conducting an evidentiary hearing.

On May 5, 2004, the Ohio Supreme Court affirmed the judgment of the court of appeals on the authority of *Pratts v. Hurley*,102 Ohio St. 3d 81, 806 N.E.2d 992 (2004).

On December 22, 2004, Woods, acting *pro se*, filed in the state appellate court a motion for appointment of appellate counsel to file an application for leave to file an appeal. The court denied the motion on January 3, 2005.

On February 11, 2005, Woods, acting *pro se*, filed in the Ohio Supreme Court a notice of appeal and a memorandum in support of jurisdiction appealing the state appellate court's denial of appointment of appellate counsel for leave to file a direct appeal. Woods raised one proposition of law in his memorandum:

Proposition of Law No. 1
An indigent defendant, who has been denied the right to effective assisxtance [sic] of counsel in his appeal of right that deprives him of a right to appeal, has a constitutional right to have appellate counsel prepare an application for leave to appeal.

The Ohio Supreme Court declined jurisdiction to hear the case as not involving any substantial constitutional question on May 11, 2005.  Woods filed in this court a petition for a federal writ of habeas corpus on April 26, 2005, raising three grounds for relief:

GROUND FOR RELIEF NO. 1
An indigent defendant, who has been denied the right to effective assistance of counsel in his appeal of right that deprives him of a right to appeal, has a constitutional right to have appellate counsel prepare an application for leave to appeal.  Due process violation and actual innocence.

Supporting facts: following petitioner's Woods being sentenced to prison on March 18, 1991, retained trial counsel failed to timely file petitioner's appeal of right.

6

GROUND FOR RELIEF NO. 2

Actual innocence.

Supporting facts: prior to being sentence [sic], petitioner set forth his protestations of innocence on the record.

GROUND FOR RELIEF NO. 3

Involuntary plea.

Supporting facts: counsel and the trial court failed to adequate [sic] and properly inform petitioner Woods of the actual nature of the crime of aggravated murder that he had been mislead into pleading guilty to.

On December 14, 2005, the respondent filed an answer and a motion to dismiss the habeas corpus petition for failure to comply with the one-year statute of limitations and, alternatively, on the ground that the claims are procedurally defaulted and waived (Docket #10).  Woods does not oppose the respondent's motion.

II

*A.    Jurisdiction*

Petitioner is in the custody of Mansfield Correctional Institution in Mansfield, Ohio. Petitioner filed this writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254:

> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions .... Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a)&(d).  Woods was sentenced by the Court of Common Pleas in Cuyahoga County, Ohio, and filed his petition for a writ of habeas corpus in the Northern District of Ohio.  Thus, this court has jurisdiction over the petition.

B.      Statute of Limitations

Respondent argues that Woods' petition for habeas corpus is barred by the statute of limitations.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, became effective on April 24, 1996 and limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus.  *See Stanley v. Bock*, 2004 U.S. Dist. LEXIS 26855 (2004) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The amended AEDPA includes a one-year period of limitations for prisoners challenging state judgments:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) ("§ 2244(d)(1)").  A habeas petition filed outside the time period provided in this statute must be dismissed. *Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (case filed thirteen days after the limitations period expired dismissed for failure to comply); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Direct review of a conviction includes review by the United States Supreme Court. *Bell v. State of Maryland*, 378 U.S. 226, 232 (1964).  A prisoner's conviction becomes final ninety days after the state's highest court renders its decision denying leave to appeal or denying relief on the merits, accounting for a period within which the defendant may apply to the United States Supreme Court for a writ of certiorari.  *Stanley v. Bock*, 2004 U.S. Dist. LEXIS 26855 (E.D. Mich. 2004).  If the defendant appeals for a writ of certiorari, the Supreme Court's decision establishes the date on which direct review concludes pursuant to § 2244(d)(1). 28 U.S.C. § 2244 (d)(1); *Allen v. Hardy*, 478 U.S. 255, 258 n1 (1986); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).  Prisoners whose direct appeals concluded prior to the AEDPA's effective date had a one-year grace period from the date on which the constitutional right was initially recognized by the Supreme Court to file their habeas petitions. *Brown v. O'Dea*, 187 F.3d 572, 576-77 (6th Cir. 1999).

In the present case, Woods was sentenced on May 7, 1991. He failed to file a timely direct appeal and subsequently, over six years later, filed a motion for leave to file a delayed direct appeal on July 9, 1997.  By virtue of the AEDPA's one-year grace period, Woods had one year after AEDPA's effective date to file his habeas petition.  28 U.S.C. § 2244(d)(1)(C).  Woods' deadline for filing a habeas corpus petition was, therefore, April 25, 1997.  Woods filed his habeas petition with this court on April 26, 2005, more than eight

9

years after the expiration of the one-year grace period.  Woods does not claim that the state created an impediment to filing his habeas petition nor that his claims are based upon newly created rights or newly discovered facts. Thus, Woods' habeas petition is barred by the statute of limitations.

Nor may Woods argue that his claims were preserved by his delayed appeal to the Ohio Courts.  Woods filed his delayed appeal on July 9, 1997.  The time for filing a habeas petition had already expired when Woods filed his petition for a delayed appeal.  A properly filed delayed appeal may toll the statute of limitations, but even if it is granted it does not restart a statutory period that has already expired. *DiCenzi v. Rose*, 419 F.3d 493 (6th Cir. 2005).  Woods' delayed appeal, therefore, did not preserve his habeas claims.

III

For the reasons given above, the magistrate judge recommends that the court dismiss Woods' petition for a writ of habeas corpus.

Date:  May 23, 2006             /s/Patricia A. Hemann
                                Patricia A. Hemann
                                United States Magistrate Judge

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985) reh'g denied, 474 U.S. 1111 (1986).

10